Mr. Justice Almon, in a dissenting opinion in Chavers v.National Sec. Fire Cas. Co., 405 So.2d 1 (Ala. 1981), said the following about the new tort of bad faith refusal to pay an insurance claim established in that case:
 "Setting aside for the moment the facts, or I should say the lack of facts, in this case and my personal views on the tort of bad faith, I have serious questions concerning the majority's opinion. According to the test adopted by the majority, 'an actionable tort arises for an insurer's intentional refusal to settle a direct claim where there is either "(1) no lawful basis for the refusal coupled with actual knowledge of that fact or (2) intentional failure to determine whether or not there was any lawful basis for such refusal." ' The majority fails, however, to establish the parameters of this tort by not defining what constitutes a 'lawful basis.'
"* * * *
 "I . . . question the reach of the majority's opinion. Although couched in terms of an insurer's breach of its duty of good faith and fair dealing, the language of *Page 751 
the opinion, as well as the authority relied upon to justify the recognition of the tort, is arguably broad enough to imply this duty in every contractual relationship."
405 So.2d at 15.
Today's opinion by the Court confirms the fears expressed by Mr. Justice Almon in the Chavers case, and once again authorizes the recovery of punitive damages against an insurer for failing to pay a claim that was seriously disputed, the validity of which has only finally been determined today inthis appeal. To authorize the recovery of punitive damages in such a factual setting, in my opinion, is a misapplication of the law of contracts, and effectively allows for the recovery of punitive damages against an insurer without affording the insurer due process of law. The majority's conclusion that this case "falls within the category of an unusual or extraordinary case" tends to confirm what Mr. Justice Almon pointed out in his dissent in Chavers — that there are no "parameters" or boundaries for the tort. I believe that the opinion expands the tort of bad faith and does not correctly state the law of contracts, the reasonable expectancies of the parties under such contracts, and the damages that can be awarded in cases of a breach. Consequently, I am compelled to dissent once again, as I have done over the years since the tort of bad faith was recognized.[2] I hesitate to continue to express a dissenting view, but I am convinced that, under the facts of this case, the trial judge was correct in granting the insurer's motion for judgment notwithstanding the verdict, and I am especially troubled by the holding, which allows the recovery of punitive damages for an insurer's failure to pay a claim that has only today been judicially determined to be a valid claim.
My view of the law in this area has been expressed in several dissenting and special concurring opinions. In Aetna Life Ins.Co. v. Lavoie, 505 So.2d 1050 (Ala. 1987), I spelled out in some detail in a special concurrence my views on the tort of bad faith refusal to pay an insurance claim, and I attempted to state my view of the law of insurance contracts and the failure to pay claims and how the matter could best be handled in view of the public policy considerations involved. I also stated in that special concurrence the reasons for the dissents I had previously filed in bad faith cases. I do not restate those views here, but refer the reader to that special concurrence. I still believe the views I expressed there to be legally correct.[3]
Even though my view of the law of insurance contracts has not received much following, and even though the legislature has not seen fit to enter the field of regulating the new tort except to pass legislation setting a cap on the recovery of punitive damages, I continue to believe that the legislature is the proper body to resolve the public policy questions surrounding these controversies and that the tort of bad faith failure to pay is an inappropriate method for resolving the public policy issues.
Accepting the fact that this Court has established the tort of bad faith failure to pay an insurance claim, I cannot accept the conclusion of the majority that this case "falls within the category of an unusual or extraordinary case." In my opinion, this case is no different from the ordinary case in which there is a dispute about insurance coverage. Because of that fact, I am convinced that the plaintiff should not be permitted to recover punitive damages in any amount, and certainly not in the sum of $750,000. I was almost convinced that the trial court was incorrect in denying the insurer's motion for judgment notwithstanding the verdict on the contract claim, on the ground that the evidence showed that the dependent was not enrolled in school on the date of her death, but there was evidence that the contract language was ambiguous and that reasonable persons could disagree on the question of coverage. *Page 752 
Does that mean that punitive damages should be allowed? I think not.
The issue of coverage was disputed from the beginning and was only finally resolved by this Court today; therefore, the trial judge did not err in granting the insurer's motion for judgment notwithstanding the verdict. Consequently, I must respectfully disagree with the Court's holding that a jury question was presented on the bad faith claim. Also, to allow the recovery of $750,000 in punitive damages, under the facts of this case, has serious "due process" implications, especially in view of the fact that there are no set parameters for determining when such damages are recoverable and what will be the "unusual or extraordinary" case. See my dissent in Pacific Mutual Life Ins.Co. v. Haslip, 553 So.2d 537, 544 (Ala. 1989).
Based on the foregoing reasons, I concur in the judgment in Case No. 88-925, but I dissent in Case No. 88-834.
[2] See my dissenting opinions in Gulf Atlantic Life Ins. Co. v.Barnes, 405 So.2d 916, 924 (Ala. 1981), and ContinentalAssurance Co. v. Kountz, 461 So.2d 802 (Ala. 1984).
[3] I joined in the disposition of that particular case because of the peculiar facts that surrounded it, as my special concurrence shows.